**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JORGE L. NIEBLA,**

      **Plaintiff,**

**vs.**                              **Case No. 4:09cv224-RH/WCS**

**LITERATURE REVIEW COMMITTEE
OF THE FLORIDA DEPARTMENT OF
CORRECTIONS,**

      **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated in the Florida Department of Corrections, submitted a civil rights complaint on June 23, 2009, doc. 1, but did not pay the filing fee. Plaintiff also did not seek *in forma pauperis* status, with good reason. Plaintiff has incurred *more* than three "strikes" under 28 U.S.C. § 1915(g).[1]  In case 4:06cv357-MP/WCS, Plaintiff did not pay the filing fee or submit an *in forma pauperis* motion.  The case was dismissed, finding Plaintiff was barred by § 1915(g).  Plaintiff has had numerous cases dismissed under the authority of 28 U.S.C. § 1915(g), including

_____

[1] Among those cases dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) are: 9:02cv81055, 1:01cv4326, 8:01cv914, 8:01cv143, 8:00cv2306, 3:05cv 433, 3:05cv230, 4:05cv235, and 4:05cv275.

5:08cv257, 3:08cv13, 4:06cv145, and 3:05cv433.  Plaintiff knows he must pay the filing fee for any case submitted as he is not entitled to proceed *in forma pauperis* unless he is in imminent danger of serious physical injury.  This case should be dismissed.[2]

Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed in federal court without full prepayment of the filing fee at the time of submission of the complaint.  Plaintiff's claim in this case is against the Department of Corrections' Literature Review Comittee.  Plaintiff is challenging the rejection of a publication and contends the Committee is corrupt and hates inmates.  Thus, as Plaintiff is attempting to bring a First Amendment claim, Plaintiff does not come under the "imminent danger" exception for proceeding with *in forma pauperis* status.  28 U.S.C. § 1915(g).  This case must be dismissed without prejudice.  Plaintiff may refile the case if he simultaneously submits the full amount of the filing fee.  *See* Dupree v. Palmer**,** 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff does not identify his prior cases on the complaint form.  Doc. 1. Instead, Plaintiff writes, "please see court record," but Plaintiff fails to provide any records.  This is an intentional act on Plaintiff's part to not affirmatively disclose his prior § 1915 dismissals.  It is also not the first time Plaintiff has done this.  *See* 4:09cv40.

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.